**SIGNED THIS: March 23, 2009**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| MICHAEL SUHADOLNIK, ) | |
| ) | Case No. 07-71951 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| CENTRAL ILLINOIS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 08-7115 |
| ) | |
| MICHAEL SUHADOLNIK, ) | |
| ) | |
| Defendant. ) | |

# O P I N I O N

Before the Court is Michael Suhadolnik's Motion to Dismiss Count II of Central Illinois Bank's Complaint to Determine Dischargeability. For the reasons set forth below, the Motion to

-1-

Dismiss will be denied.

Michael Suhadolnik ("Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on August 12, 2008. Debtor scheduled an unsecured debt to Central Illinois Bank ("CIB") in the amount of $7.8 million and described the debt as contingent, unliquidated, and disputed. Debtor disclosed in his Statement of Financial Affairs two pending lawsuits against him by CIB and stated that one suit is "to enforce guarantee" and the other is for "fraudulent transfer."

On November 26, 2008, CIB filed its Complaint to Determine Dischargeability of Debt ("Complaint") seeking a finding that the obligations of the Debtor to it are non-dischargeable. Count I of the Complaint alleges that the Debtor obtained financing for himself and his solely-owned corporations, Construx Construction of Illinois, Inc. ("Construx") and St. Agnes Company, Inc. ("St. Agnes"), from CIB through the use of false financial statements. *See* 11 U.S.C. §523(a)(2)(B). Debtor answered Count I, denying all material allegations contained therein.

Count II of the Complaint alleges that Debtor dissipated assets of Construx and St. Agnes after each entity became insolvent, and that such conduct constitutes fraud or defalcation by a fiduciary. *See* 11 U.S.C. §523(a)(4). Debtor filed a Motion to Dismiss Count II of the Complaint, asserting that Count II fails to state a claim upon relief can be granted. *See* Fed.R.Civ.P.

12(b)(6); Fed.R.Bankr.P. 7012.  CIB filed a written response to the Motion to Dismiss, and arguments on the Motion to Dismiss were heard on February 12, 2009.

CIB defends Count II of its Complaint by relying on the holding of <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99 (1957), that a complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Id.</u> *at* 45-46, 78 S.Ct. *at* 102.  The <u>Conley</u> holding relied on by CIB was, however, abrogated by the United States Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955 (2007).  In <u>Bell Atlantic</u>, the majority of the Court found that the "no set of facts" language from <u>Conley</u> was a phrase "best forgotten as an incomplete, negative gloss on an accepted pleading standard[.]"  <u>Id.</u> *at* 563, 127 S.Ct. *at* 1969.  The pleading standard established by <u>Bell Atlantic</u> is one of plausibility.  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> *at* 570, 127 S.Ct. *at* 1974.  Thus, Count II of CIB's Complaint must be reviewed under a plausibility standard.

Count II is labeled as "Fraud or Defalcation While Acting as Fiduciary" and makes specific reference to 11 U.S.C. §523(a)(4).  Count II incorporates by reference certain common allegations made in the Complaint which recite the history of loan transactions

between CIB and the Debtor, Construx, and St. Agnes.  CIB pleads that the Debtor, as an officer and director of Construx and St. Agnes, owed a fiduciary duty to CIB as a creditor of those corporations upon the insolvency of the corporations.  Finally, CIB alleges that it suffered damage because the Debtor committed fraud or defalcation while acting in his fiduciary capacity by concealing and dissipating corporate assets which were collateral for the CIB loans.

Relying on the district court opinion in In re Marchiando, 142 B.R. 246 (N.D. Ill. 1992), Debtor seeks dismissal of Count II, asserting that the fiduciary relationships referred to in §523(a)(4) are only those created by express or technical trusts.  Debtor claims that the traditional debtor/creditor relationship which admittedly exists between the Debtor and CIB is not of the type that can support liability under §523(a)(4).

Although the Seventh Circuit affirmed both the bankruptcy and district courts in Marchiando by finding that the relationship between the Illinois Department of the Lottery and its authorized vendors is not a fiduciary relationship for purposes of §523(a)(4), the Seventh Circuit also articulated an expanded definition of the type of fiduciary or trust relationship that can support liability under §523(a)(4).  *See* Matter of Marchiando, 13 F.3d 1111 (1994). The Court found that liability for defalcation while acting as a fiduciary can exist under §523(a)(4) in the absence of an express

or formal trust although not under the circumstances of a constructive, resulting, or implied trust. Id. *at* 1115. The Court found that the keys to liability are whether the fiduciary relationship has an existence before any wrong has been committed and whether the relationship involves a difference in knowledge or power between the fiduciary and principal. Id. *at* 1115-16. When the relationship exists prior to any wrongdoing and the fiduciary holds the "edge based on possession of power or expertise," liability under §523(a)(4) may be imposed without proof of an express or technical trust. Id.

Illinois law has long held that the fiduciary duty a corporate officer or director owes to the corporation and its shareholders becomes a duty to creditors upon insolvency of the corporation. *See* Beach v. Miller, 130 Ill. 162, 170, 22 N.E. 464 (1889); Atwater v. American Exchange National Bank of Chicago, 152 Ill. 605, 613, 38 N.E. 1017 (1893); Coleman v. Howe, 154 Ill. 458, 467, 39 N.E. 725 (1895); *see also* Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 384 (7th Cir. 2008). After Marchiando, federal courts analyzing the fiduciary duty of an Illinois corporate officer or director to creditors after insolvency of the corporation have concluded that such a fiduciary duty is of the type that can create liability under §523(a)(4). *See* In re Reuscher, 169 B.R. 398 (S.D. Ill. 1994); In re Hussain, 308 B.R. 861 (Bankr. N.D. Ill. 2004); In re Rey, 2005 WL 894820

(Bankr. N.D. Ill. Apr. 18, 2005).  This Court agrees that, because Illinois corporate officers and directors owe a fiduciary duty to corporate creditors upon insolvency, a cause of action for defalcation of that duty may be stated under §523(a)(4).

Having found that the cause of action that CIB says it intended to plead does exist, all that remains is to determine whether Count II is sufficiently plead under the Bell Atlantic standard of plausibility.  Count II includes allegations of the indebtedness of the Debtor, Construx, and St. Agnes to CIB and allegations that the Debtor, as an officer and director of both corporations, owed a fiduciary duty to the creditors of both corporations upon their insolvency.  Further, it is plead that the Debtor breached his fiduciary duties to creditors, and to CIB in particular, by his alleged concealment and dissipation of corporate assets.  Taken as a whole, these allegations are sufficient to state a plausible claim for relief.  Debtor's Motion to Dismiss Count II will be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###