**SIGNED THIS: June 15, 2011**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re                              )
                                   )   In Bankruptcy
MICHAEL SUHADOLNIK,                )
                                   )   Case No. 08-71951
              Debtor.              )
_____        )
                                   )
CENTRAL ILLINOIS BANK,             )
                                   )
              Plaintiff,           )
                                   )
     v.                            )   Adversary No. 08-7115
                                   )
MICHAEL SUHADOLNIK,                )
                                   )
              Defendant.           )
```

**O P I N I O N**

In this adversary proceeding, Central Illinois Bank ("CIB") filed a two-count Complaint to Determine Dischargeability of Debt alleging, in Count I, the use to its detriment of a materially

false financial statement by Michael Suhadolnik ("Debtor") and, in Count II, Debtor's fraud or defalcation while acting in a fiduciary capacity.  Debtor answered Count I, denying all material allegations contained therein, and filed a Motion to Dismiss Count II, alleging CIB's failure to state a cause of action upon which relief could be granted.  That Motion was denied by Order entered on March 23, 2009.  Debtor now seeks reconsideration of that Order based upon the subsequent abrogation of the case law upon which the Court had relied in reaching its decision on the Motion.  For the reasons set forth herein, Debtor's Motion to Reconsider will be allowed and his Motion to Dismiss Count II will be granted. CIB will be given the opportunity to file an amended complaint.

**I. Factual and Procedural History**

On August 12, 2008, Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code.  Debtor scheduled an unsecured debt to CIB in the amount of $7.8 million and described the debt as contingent, unliquidated, and disputed.  In his Statement of Financial Affairs, Debtor disclosed two pending lawsuits against him by CIB and stated that one suit was "to enforce guarantee" and the other was for "fraudulent transfer."

On November 26, 2008, CIB filed its Complaint to Determine Dischargeability of Debt ("Complaint") seeking a finding that the obligations of the Debtor to it are non-dischargeable.  Count I of

the Complaint alleges that the Debtor obtained financing for himself and his solely-owned corporations, Construx Construction of Illinois, Inc. ("Construx") and St. Agnes Company, Inc. ("St. Agnes"), from CIB through the use of false financial statements. *See* 11 U.S.C. §523(a)(2)(B).

Count II of the Complaint alleges that Debtor dissipated assets of Construx and St. Agnes after each entity became insolvent, and that such conduct constitutes fraud or defalcation by a fiduciary. *See* 11 U.S.C. §523(a)(4). Debtor filed a Motion to Dismiss Count II of the Complaint, asserting that Count II failed to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6); Fed.R.Bankr.P. 7012. CIB filed a written response to the Motion to Dismiss, and arguments on the Motion to Dismiss were subsequently heard. The crux of CIB's argument was that the Debtor, as an officer and director of Construx and St. Agnes, owed a fiduciary duty to CIB as a creditor of those corporations upon the insolvency of the corporations. On March 23, 2009, the Court issued an Opinion and Order denying the Motion to Dismiss. See *In re Suhadolnik*, 2009 WL 801611 (Bankr. C.D. Ill. Mar 23, 2009). Citing the case of *Matter of Marchiando*, 13 F.3d 1111 (7th Cir. 1994), the Court found that, under the Seventh Circuit's expanded definition of the type of fiduciary or trust relationship that can support liability under §523(a)(4), CIB had set forth in Count II of its Complaint "enough facts to state a

claim to relief that is plausible on its face." *Suhadolnik*, 2009 WL 801611 at *1, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). The Court further found that, under Illinois law, the fiduciary duty which a corporate officer or director owes to the corporation and its shareholders becomes a duty to creditors upon the insolvency of the corporation. *Suhadolnik*, 2009 WL 801611 at *2. That duty, the Court concluded, is of the type that can create liability under §523(a)(4). *Id.* In support of its conclusion, the Court cited *In re Reuscher*, 169 B.R. 398 (S.D. Ill. 1994), and *In re Hussain*, 308 B.R. 861 (Bankr. N.D. Ill. 2004). *Suhadolnik*, 2009 WL 801611 at *2.

The Debtor subsequently filed his Answer to Count II of the Complaint. The discovery phase of the case was ongoing when, on February 9, 2011, Debtor filed his Motion to Reconsider. Debtor alleges that the Seventh Circuit's recent decision in *In re Berman,* 629 F.3d 761 (7th Cir. 2011), abrogated the case law relied on in this Court's initial denial of his Motion to Dismiss Count II and compels reconsideration of that decision. The parties have fully briefed the issues and the matter is now ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. Resolving issues determining the dischargeability of particular debts are core proceedings. *See* 28

U.S.C. §157(b)(2)(I).

### III. Legal Analysis

An order denying a motion to dismiss is generally not a final order. *U.S. v. Michelle's Lounge*, 39 F.3d 684, 702 (7th Cir. 1994); *Nanda v. Board of Trustees of University of Illinois,* 303 F.3d 817, 821 (7th Cir. 2002). Reconsideration of a non-final order is generally appropriate where there has been an intervening change in controlling law. *Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. California*, 649 F.Supp.2d 1063, 1069 (E.D. Cal. 2009). Although CIB objects to the requested reconsideration on substantive grounds, it has not raised any procedural objections to the reconsideration.

A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed.R.Civ.P. 8(b); Fed.R.Bankr.P. 7008(a). As the Court acknowledged in its Opinion dated March 23, 2009, the pleading standard established by the U.S. Supreme Court as set forth in *Bell Atlantic* is one of plausibility. To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. *at* 570, 127 S.Ct. *at* 1974. The pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation.

-5-

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.,* citing *Bell Atlantic*, 550 U.S. at 555, 127 S.Ct. at 1955.

Count II of the Complaint is labeled as "Fraud or Defalcation While Acting as Fiduciary" and makes specific reference to 11 U.S.C. §523(a)(4). Count II incorporates by reference certain common allegations made in the Complaint which recite the history of loan transactions between CIB and the Debtor, Construx, and St. Agnes. CIB pleads that the Debtor, as an officer and director of Construx and St. Agnes, owed a fiduciary duty to CIB as a creditor of those corporations upon the insolvency of the corporations. Finally, CIB alleges that it suffered damages because the Debtor committed fraud or defalcation while acting in his fiduciary capacity by concealing and dissipating corporate assets which were collateral for the CIB loans.

CIB's statement that the Debtor, as an officer and director of Construx and St. Agnes, owed a fiduciary duty to CIB as a creditor of those corporations upon their insolvency is clearly a legal conclusion and is, therefore, not entitled to be accepted as true for purposes of considering a motion to dismiss for failure to state a cause of action upon which relief could be granted. In

denying the Motion to Dismiss Count II, the Court found that the fiduciary duty owed under Illinois law by corporate officers and directors to the corporation's shareholders becomes a duty to creditors upon the insolvency of the corporation and is of the type that can create liability under §523(a)(4). The Court cited *Reuscher* and *Hussain* as authority for that conclusion. *Suhadolnik*, 2009 WL 801611 at *2. The simple point being raised by the Motion to Reconsider is that, after *Berman, Reuscher* and *Hussain* are no longer good law.

On January 21, 2011, the U.S. Court of Appeals for the Seventh Circuit decided *Berman*. While acknowledging that, under Illinois law, a corporate officer or director assumes a fiduciary duty toward the corporation, its shareholders, and, upon the corporation's insolvency, also to its creditors, the Seventh Circuit pointed out that not all persons treated as fiduciaries under state law are considered to "act in a fiduciary capacity" for purposes of federal bankruptcy law. *Berman*, 629 F.3d at 765-67. It is insufficient to merely show that a debtor was a fiduciary under state law. *Id.* at 767. Although an officer or director may, under state law, be deemed a fiduciary for creditors, the officer or director may not, on that basis alone, be deemed a fiduciary under §523(a)(4). *Id.* The Seventh Circuit referred to the seminal U.S. Supreme Court case *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151 (1934), in reiterating that the non-

-7-

dischargeability exception's reference to fiduciary capacity is "strict and narrow". In the language of Justice Benjamin N. Cardozo, author of the *Davis v. Aetna Acceptance* opinion, the debtor "must have been a trustee before the wrong and without reference thereto." *Id.* at 333, 55 S.Ct. at 154. Where a corporation's breach of its contract created the debt, the resulting obligation to the creditor is not "turned into" one arising from a trust. Thus, the Seventh Circuit concluded in *Berman* that, at least in the absence of fraud, the §523(a)(4) exception does not make officers or directors of insolvent corporations personally liable, without the ability to secure discharge in bankruptcy, for corporate debts. *Berman*, 629 F.3d at 768.

Based upon the clear holding in *Berman* and the pleading requirements set forth in *Bell Atlantic* and in *Ashcroft v. Iqbal*, this Court must reach the inescapable conclusion that Count II of CIB's Complaint fails to state a cause of action upon which relief can be granted and, therefore, must be dismissed.

CIB argues that the dismissal of Count II of its Complaint is not mandated by the holding in *Berman* for two reasons. First, CIB argues that the "at least in the absence of fraud" language in *Berman* creates a sufficient exception to the *Berman* holding to permit Count II to stand inasmuch as CIB has alleged fraud in Count II. Second, CIB argues that, even if, as a matter of law, there is

no fiduciary relationship between the Debtor and CIB sufficient to support a cause of action under §523(a)(4), CIB can still hang its hat on the "embezzlement" or "larceny" components of §523(a)(4).

As to CIB's first argument, the issue in *Berman* which was addressed and decided was whether a fiduciary relationship sufficient to give rise to an action under §523(a)(4) could be found to exist where the debtor's fiduciary duty arose as a result of his role as an officer or director of an insolvent corporation. Fraud was not found in *Berman*, but *Berman* clearly abrogated the federal case law upon which this Court relied in denying the Motion to Dismiss Count II. That case law had previously supported the finding that the fiduciary duty of an Illinois corporate officer or director to creditors after the insolvency of the corporation was of the type that can create liability under §523(a)(4). *Berman* unequivocally holds that that is not the case.

Moreover, Bankruptcy Rule 7009 requires that, when allegations of fraud are made, a party must state with particularity the circumstances constituting the fraud. Fed.R.Bankr.P. 7009; Fed.R.Civ.P. 9(b). Count II of CIB's Complaint offers merely a mention, or, in *Ashcroft v. Iqbal* parlance, a mere "label and conclusion" with respect to a fraud allegation. Thus, Count II of the Complaint falls far short of the required pleading standard. Accordingly, the dismissal of Count II cannot be averted based upon CIB's first argument. However, because *Berman* suggests that a

cause of action for breach of fiduciary duty may still exist when fraud is plead, CIB must be given an opportunity to replead Count II in accordance with the *Berman* standards if it is able to do so.

As to CIB's second argument, §523(a)(4) is comprised of three separate exceptions: (1) fraud or defalcation while acting in a fiduciary capacity, (2) embezzlement, and (3) larceny.  See 11 U.S.C. §523(a)(4); *In re Spivey*, 440 B.R. 539, 544 (Bankr. W.D. Ark. 2010).  Nowhere in Count II of CIB's Complaint is there even a passing reference to, much less any factual allegations to support, a cause of action based upon embezzlement or larceny. These are completely separate and distinct causes of action with entirely different factual elements from the cause of action plead in Count II of the Complaint which, as previous stated, is plead and captioned as an action for "Fraud or Defalcation While Acting as A Fiduciary".  Accordingly, CIB's contention that Count II can stand as an embezzlement or larceny cause of action even if *Berman* is read to totally undermine a "fraud or defalcation while acting as a fiduciary" cause of action is meritless.

An expanding body of case law has increasingly called into question whether the liability of an officer or director to a corporation and the creditor body based upon a fiduciary duty can translate into recovery by an individual creditor. See *In re Sever*, 438 B.R. 612, 629 (Bankr. C.D. Ill. 2010); see also *In re Netzel*, 442 B.R. 896, 904 (Bankr. N.D. Ill. 2011) (corporate

creditor may not assert for himself claims that belong to the creditors as a whole).  As pointed out by one court, permitting a creditor of an insolvent corporation to assert a direct claim for breach of a fiduciary duty under §523(a)(4), "would . . . expand nondischargeability to any and all creditors with claims against the assets of insolvent corporations[,]" in contravention of the Bankruptcy Code's "fresh start" policy.  *In re McDermott*, 434 B.R. 271, 281 (Bankr. N.D. N.Y. 2010).  CIB must take this developing case law into account if it chooses to replead.

For the reasons set forth above, Debtor's Motion to Reconsider Denial of Motion to Dismiss Count II will be granted.  Count II of CIB's Complaint will be dismissed without prejudice.  CIB will be given 21 days to amend its Complaint.  Amendment is optional.  If an Amended Complaint is filed, Debtor will be given 21 days thereafter in which to answer or otherwise plead.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###